UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-09100-SPG-SSC | Date | March 4, 2025 |
|---|---|---|---|
| Title | Nwosu v. Cascade Investment, LLC et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO FILE PROOFS OF PROPER SERVICE WITHIN THE TIME REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on its own motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Courts have "broad discretion" under Rule 4(m). *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (holding that district court did not abuse its discretion when deciding to dismiss an action instead of granting an extension of time to serve under Rule 4(m)).

In previous filings with the Court, Plaintiff Adaeze Nwosu ("Plaintiff") asserted she served Defendant BlackRock, Inc., on October 22, 2024, (ECF No. 20 ("BlackRock Proof of Service")), and Scott Harris, and United States District Judge Christopher Reid Cooper on October 28, 2024, (ECF Nos. 22 ("Harris Proof of Service"), 32 ("Judge Cooper Proof of Service")).

However, upon Plaintiff's Requests for Default as to these three Defendants (ECF Nos. 51, 53), the Court issued Notices of Deficiency on December 27, 2024, explaining that the BlackRock Proof of Service, Harris Proof of Service, and Judge Cooper Proof of Service are insufficient because they have "incomplete/missing address[es]," and that "[s]ervice must be made clear of person authorized to accept service." (ECF Nos. 55–56). Plaintiff subsequently filed a Notice to Clerk re Deficiency Notice Dated December 27 on Plaintiff's Request for Entry of Default on Select Defendants, (ECF No. 59 ("Notice")). The Notice states without any factual support that the "proof of service of process complies with L.R. 5-3.1.2 Proof of Service AND fed. Rule 4 [*sic*]." (ECF No. 59 at 1). Such a conclusory statement is not sufficient to show proper service. Plaintiff therefore has not provided sufficient proof that the three Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-09100-SPG-SSC | Date | March 4, 2025 |
| Title | Nwosu v. Cascade Investment, LLC et al. | | |

have been properly served within 90 days of the filing of the Complaint, as is required by Rule 4(m).

The Court therefore Orders Plaintiff to Show Cause why this case should not be dismissed for failure to file proofs of proper service and failure to properly serve in accordance with Rule 4(m) the Summons and Complaint on Defendant BlackRock, Inc., Scott Harris, and United States District Judge Christopher Reid Cooper. "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)). When service is required, "failure to perfect it is fatal to a lawsuit." *Id.* at 597 (citing *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987)). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citations omitted).

Accordingly, within fourteen (14) calendar days of this Order to Show Cause, Plaintiff must file a written response to this Order, not to exceed five (5) pages, stating the facts that demonstrate either: (1) that proper service meeting the requirements of Rule 4 has been made upon BlackRock, Inc., Scott Harris, and Judge Christopher Reid Cooper within the time frame of Rule 4(m) and providing arguments and evidence as to why each service was proper; or (2) that good cause exists for Plaintiff's failure to properly serve the Defendants within the time required by Rule 4(m). Failure to respond within fourteen (14) days of the issuance of this Order will be deemed as consent to dismissal of these Defendants and this action.

:

Initials of Preparer   pg